IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BILDRICK JACKSON (L0372)**                                                                           **PETITIONER**

**v.**                                                                                                                                              **No. 4:07CV89-P-S**

**CHRISTOPHER EPPS, ET AL.**                                                                 **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Bildrick Jackson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition. Jackson has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

**Facts and Procedural Posture**

Bildrick Jackson is in the custody of the Mississippi Department of Corrections and is currently housed at the Issaquena County Correctional Facility in Mayersville, Mississippi. A jury convicted Jackson of murder on August 16, 2002, in the Circuit Court of Leflore County, Mississippi. He was sentenced the same day to serve a life sentence in the custody of the Mississippi Department of Corrections. State Court Record (SCR), Vol. 1, p. 123. On February 23, 2003, Jackson filed a Motion for Judgment Notwithstanding the Verdict, or alternatively, a New Trial. The court denied that motion April 4, 2003. SCR, Vol. 1, p. 164.

On June 21, 2004, Jackson appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by counsel in the Brief For Appellant):

| | |
|---|---|
| Issue 1. | Whether the trial court committed reversible error when it refused to allow Jackson to confront Tavares Love, a key witness, about his mental history. |
| Issue 2. | Whether the trial court committed reversible error when it quashed Jackson's subpoena for Tavares Love's mental evaluation, failed to conduct an *In Camera* review of the requisite documents to determine whether the documents contained any relevant material and exculpatory evidence. |
| Issue 3. | Whether Tavares Love, Jackson's co-defendant, accused of the victim's murder, waived his medical privilege by requesting a competency evaluation. |
| Issue 4. | Whether the prosecutor engaged in prosecutorial misconduct when she misrepresented to the jurors Tavares Love had no reason to lie. |
| Issue 5. | Jackson's trial counsel was ineffective. |
| Issue 6. | Whether Jackson's sixth amendment right to a speedy trial as well as his statutory right to a speedy trial were violated by the state of Mississippi. |
| Issue 7. | Whether the trial court abused his discretion in allowing the state's experts to testify without conducting a Frye hearing outside the presence of the jury. |
| Issue 8. | Whether the trial court erred in denying the defendant's proposed jury instruction on the state's failure to establish corpus delicti. |
| Issue 9. | Whether the trial court's sentencing of Jackson was so harsh that it is cruel and unusual. |
| Issue 10. | Whether the cumulative errors in this case denied Jackson a right to a fair trial. |

The Mississippi Court of Appeals found no merit to the issues raised in counsel's brief, and on June 28, 2005, affirmed Jackson's conviction and sentence. *Jackson v. State*, 924 So.2d 531 (Miss. App. 2005), *reh'g. denied* January 3, 2006 (Cause No. 2003-KA-01203). The Mississippi Supreme Court denied his Petition for Writ of Certiorari on March 23, 2006.

Jackson then filed a Motion for Post-Conviction Collateral Relief with the Mississippi Supreme Court on April 11, 2007, assigning as error the following (as stated by Jackson):

**Ground One**: Denial of due process of law in violation of the 5th and 14th Amendments to the United States Constitution. The Indictment failed to give the judicial district in which the crime was committed which is a violation of the sixth Amendment of the U.S. Constitution and Rule 7.06 (4) of the Uniform Rules of Circuit and County Court Practice, where it states the indictment shall include the county and judicial district in which the indictment is brought.

**Ground Two**: Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Petitioner was provided with ineffective assistance of counsel by the attorneys who represented him at trial, where counsels failed to adequately properly research his case and find that the indictment included fatal error for failure to assert jurisdiction where the crime was allegedly committed, and by failure to file a demurrer and/or motion to squash the indictment. Generally counsels were ineffective for failure to investigate the overall case.

**Ground Three**: Denial of due process of law, in violation of the 5th and 14th Amendment to the United States Constitution. The trial court denied Petitioner his federal and state constitutional rights to confrontation and due process of law when court denied Jackson the right to adequately question Love in regard to his motivation and reasons for providing testimony in this case.

**Ground Four**: Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Whether attorney was ineffective in failing to request a cautionary instruction in regards to the testimony which was provided by Tavares M. Love where Love, by his own admission, was an accompli[ce] in the alleged crime. *Boggan v. State*, 894 So.2d 581 (Miss. App. 2005).

**Ground Five:** Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Whether Petitioner suffered ineffective assistance of counsel where defense counsel failed to properly object to strikes exercised by prosecution against blacks on jury where defense attorney failed to require state to present race neutral reasons in accord with *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d. 69 (1986). *Flowers v. State*, ___ So.2d ___ (Miss. 2006) (No. 2004-DP-00738-SCT).

**Ground Six:** Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Petitioner was subjected to Ineffective Assistance of Counsel where counsel failed to seek and secure a change of venue for the trial when there was substantial publicity in the case before trial.

**Ground Seven:** Denial of a fair trial, in violation of 5th, 6th, and 14th Amendments to the United States Constitution. The cumulative effect of the ineffectiveness of counsels deprived Jackson of his constitutional right to a fair trial and an effective direct appeal, in violation of the 5th and 6th Amendments to the United States Constitution.

On May 2, 2007, the Mississippi Supreme Court denied Jackson's motion for Post-Conviction Relief. The court found that the "application fails to make a substantial showing of the denial of a state or federal right as required by MISS. CODE ANN. § 99-39-27(5)." On August 7, 2007, Jackson filed another Motion for Post-Conviction Collateral Relief, which was dismissed by the Mississippi Supreme Court on September 6, 2007, because it was successive.

In his federal Petition for Writ of Habeas Corpus, Jackson raises the following issues (as stated by Petitioner):

**Ground One**: Denial of due process of law in violation of the 5th and 14th Amendments to the United States Constitution. The Indictment failed to give the judicial district in which the crime was committed which is a violation of the sixth Amendment of the U.S. Constitution and Rule 7.06 (4) of the Uniform Rules of Circuit and

|              |                                                                                     |
|--------------|-------------------------------------------------------------------------------------|
|              | County Court Practice, where it states the indictment shall include the county and judicial district in which the indictment is brought. |
| **Ground Two**:   | Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Petitioner was provided with ineffective assistance of counsel by the attorneys who represented him at trial, where counsels failed to adequately properly research his case and find that the indictment included fatal error for failure to assert jurisdiction where the crime was allegedly committed, and by failure to file a demurrer and/or motion to squash the indictment. Generally counsels were ineffective for failure to investigate the overall case. |
| **Ground Three**: | Denial of due process of law, in violation of the 5th and 14th Amendment to the United States Constitution. The trial court denied Petitioner his federal and state constitutional rights to confrontation and due process of law when court denied Jackson the right to adequately question Love in regard to his motivation and reasons for providing testimony in this case. |
| **Ground Four**:  | Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Whether attorney was ineffective in failing to request a cautionary instruction in regards to the testimony which was provided by Tavares M. Love where Love, by his own admission, was an accomplish [sic] in the alleged crime. *Boggan v. State*, 894 So.2d 581 (Miss. App. 2005). |
| **Ground Five:**  | Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Whether Petitioner suffered ineffective assistance of counsel where defense counsel failed to properly object to strikes exercised by prosecution against blacks on jury where defense attorney failed to require state to present race neutral reasons in accord with *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d. 69 (1986). *Flowers v. State*, ___ So.2d ___ (Miss. 2006) (No. 2004-DP-00738-SCT). |
| **Ground Six:**   | Ineffective Assistance of Counsel in violation of the 6th Amendment to the United States Constitution. Petitioner was subjected to Ineffective Assistance of Counsel where counsel failed to seek and secure a change of venue for the trial when there was substantial publicity in the case before trial. |
| **Ground Seven:** | Denial of a fair trial, in violation of 5th, 6th, and 14th Amendments to the United States Constitution. The cumulative effect of the |

ineffectiveness of counsels deprived Jackson of his constitutional right to a fair trial and an effective direct appeal, in violation of the 5th and 6th Amendments to the United States Constitution.

### Procedural Default: Ground Six (Failure to Seek a Change in Venue)

Jackson's claims in Ground Six are barred because he never presented them for review to either the Mississippi Court of Appeals on his direct appeal or to the Mississippi Supreme Court on his Motion for state Post-Conviction Relief. The court may not grant *habeas corpus* relief on this ground because Jackson has defaulted the claims. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the Petitioner's own procedural default, federal courts are barred from reviewing those claims.); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)(an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal *habeas corpus* review). "If a Petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). No external impediment prevented him from raising and discussing his claims in Ground Six in state court; as such, Jackson has not shown "cause" under the "cause and prejudice" test to allow this court to reach the merits of the claims despite the procedural bar. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). As Jackson has not shown cause for his default, the court need not consider whether Jackson would suffer prejudice from application of the default. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). For these reasons, Jackson's claims in Ground Six shall be dismissed as procedurally defaulted.

### Denied on the Merits in State Court:
### Grounds One, Two, Three, Four, Five, and Seven

The Mississippi Supreme Court has already considered Grounds One, Two, Three, Four, Five, and Seven on the merits – and decided those issues against the petitioner. As such, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of*

federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to these Grounds of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these Grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: The Indictment Was Defective Because It Did Not Set Forth the Judicial District In Which It Was Brought

In Ground One Jackson argues that there was an error in his indictment because it did not set forth the judicial district in which the crime was committed. The Mississippi Supreme Court denied this issue on the merits when it rejected Jackson's Motion for state Post-Conviction Relief. This court cannot, however, exercise jurisdiction over this issue because Jackson has not alleged the deprivation of a constitutional right. The sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless *the indictment was so defective that the convicting court had no jurisdiction*. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003) (emphasis

added); *Williams v. Collins,* 16 F.3d 626, 637 (5th Cir. 1994) (citing *Yohey v. Collins,* 985 F.2d 222, 229 (5th Cir.1993). "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams,* 16 F.3d at 637. A state supreme court is the final arbiter of issues of state law. *Jackson v. Anderson*, 112 F.3d 823 (5th Cir. 1997). The Mississippi Supreme Court has decided this state law against the petitioner Jackson; as such, this federal court has no jurisdiction to decide this claim.

Certainly, the lack of the Judicial District on the indictment did not deprive Jackson of a fair trial in violation of the right to due process. Jackson's indictment states that the crime occurred in Leflore County, Mississippi. This is sufficient to meet the requirement of listing the elements of the crime and also gave the defendant notice of the location of the crime for which he is charged. The state court's decision was thus not an unreasonable application of clearly established federal law; nor was it an unreasonable interpretation of the facts in light of the evidence presented. As such, this ground for relief is without merit and shall be denied.

### Due Process Violation: Prevented from Questioning Tavares M. Love Regarding His Reasons for Testifying Against Jackson

In Ground Three Jackson argues that his right to due process of law was violated because he did not get to question Tavares Love concerning his motivation to testify in Jackson's trial. The Mississippi Supreme Court denied this issue on the merits in their rejection of Jackson's Motion for PCR. The prosecutor in Jackson's case asked the witness, Tavares Love, this exact question (whether he was getting anything – such as a better plea deal – in return for his testimony), and the Jackson objected to the question. After the defense objection, the prosecution withdrew the question. (SCR, Vol. 3, p. 263-4). If Jackson wanted to have Love's motivations questioned, he should not have objected; instead, he could have let the witness

testify. Defense counsel extensively cross-examined Tavares Love during Jackson's trial. Jackson has not shown that any plea agreement was in existence at the time Love testified at trial. As such, the state court's decision was not unreasonable application of clearly established federal law, and Jackson's claim in Ground Three shall be denied.

### Ineffective Assistance of Counsel: Grounds Two, Four, Five, and Seven

In Grounds Two, Four, Five, and Seven, Jackson challenges the effectiveness of his attorneys. To prove that his attorneys provided ineffective assistance to him, he must show that their performance was deficient – and that the deficiency prejudiced his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). Failure to prove either prong requires the court to reject the ineffective assistance claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

### Ground Two: Failure to Object to Defective Indictment

In Ground Two Jackson argues that defense counsel was ineffective for failing "to adequately [] research his case and find that the indictment included fatal error for failure to assert jurisdiction where the crime was allegedly committed, and by failure to file a demurrer and/or motion to []quash the indictment." The Mississippi Supreme Court denied this issue – defective indictment – on the merits in their rejection of Jackson's Motion for state post-conviction relief. As discussed above, this court has found the state court's decision on the defective indictment claim to be reasonable. As the underlying claim has no merit, Jackson's claim that counsel was ineffective for failing to object to the indictment is also without merit. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). The state court's decision was a reasonable application of clearly established federal law; as such, Jackson's claim in Ground Two shall be denied.

### Ground Four: Counsel Should Have Requested a Cautionary Instruction Regarding the Testimony of Tavares M. Love

In Ground Four, Jackson claims that his counsel was ineffective because he did not "request a cautionary instruction in regards to the testimony which was provided by Tavares M. Love." The Mississippi Supreme Court rejected this issue when it denied Jackson's request for post-conviction relief. There was no evidence presented at trial that Tavares M. Love had negotiated a deal with the prosecution for his testimony. As such, there was no reason to request such an instruction. The state court's decision was a reasonable application of clearly established federal law. Thus, Jackson's claim in Ground Four shall be denied.

### Ground Five: Counsel Failed to Objection to the Prosecution's Use of Peremtory Strikes to Exclude Black Jurors

In Ground Five Jackson argues that defense counsel "failed to properly object to strikes exercised by prosecution against blacks on jury where defense attorney failed to require state to present race-neutral reasons in accordance with *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d. 69 (1986)." The Mississippi Supreme Court denied this issue on the merits in their rejection of Jackson's Motion for state post-conviction relief. The prosecution gave valid reasons for each juror that was stricken for cause during the peremptory challenge phase of the voir dire. Indeed, the prosecution struck only four jurors of the twelve challenges provided (and one alternate) – while the defense struck ten jurors. The record does not reflect the race of the jurors dismissed by the state. In his petition for a writ of *habeas corpus*, Jackson does not specify the jurors at issue by name, number, or race – or how his attorney's decision not to object to the state's challenges prejudiced his case. Jackson's claim in Ground Five is thus only a conclusory allegation, which is not a proper claim for *habeas corpus* relief. *United States v. Woods*, 870 F.2d 285 (5th Cir. 1989). As Jackson has given the court no basis upon which to review this claim, it shall be denied.

**Ground Seven: Cumulative Error**

In Ground Seven Jackson contends that the "cumulative effect of the ineffectiveness of counsels deprived Jackson of his constitutional right to a fair trial and an effective direct appeal, in violation of the 5th and 6th Amendments to the United States Constitution." The Mississippi Supreme Court denied this issue on the merits in its rejection of Jackson's Motion for state post-conviction relief. As discussed above, none of Jackson's ineffective assistance of counsel claims have merit. This court may not aggregate alleged errors that do not rise to the level of a constitutional violation, no matter what their number. *Derden v. McNeel,* 978 F.2d 1453, 1458

(5th Cir.1992) (*en banc*) (claim of cumulative error does not entitle state prisoner to *habeas corpus* relief unless (1) claim of cumulative error refers to errors, rather than mere unfavorable rulings or events; (2) *habeas corpus* review is not procedurally barred; and (3) the errors more likely than not caused a suspect verdict), *cert. denied,* 508 U.S. 960, 113 S.Ct. 2928, 124 L.Ed.2d 679 (1993). None of Jackson's claims rise to the level of a constitutional violation, as discussed above, and, certainly the errors did not cause the verdict to be suspect. For these reasons, there was no cumulative error, and this issue is without merit. The state court's decision was a reasonable application of clearly established federal law, and Jackson's claim of cumulative error shall be denied.

In sum, none of Jackson's claims for relief have merit, and the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of November, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE